SAVOY, Judge.
This tort action arises out of an in-tersectional collision which occurred on October 4, 1969, at approximately 5:20 P. M., in Abbeville, Vermilion Parish, Louisiana, when a 1967 Ford owned by Eugene W. Singleton (“Singleton”) and being driven by John A. Smith (“Smith”), and insured by Government Employees Insurance Company (“Government Employees”), and in which plaintiff was a guest passenger, collided with a 1962 Pontiac owned *582 and being operated by Donald L. Pedigo (“Pedigo”).
In the original petition filed by plaintiff, she alleged that the accident was due to the joint negligence of the drivers of the two vehicles, Smith and Pedigo, and demand was made against Pedigo individually, and Government Employees as the liability insurer of the Singleton vehicle, in which she was a passenger. In plaintiff’s supplemental and amending petition, plaintiff made an alternative demand to the effect that if it were to be determined that defendant Pedigo was guilty of negligence, which was the sole and proximate cause of the accident, then plaintiff also asserted her demand against Government Employees under the Uninsured Motorist provisions of the Singleton policy, alleging that Pedigo was an uninsured motorist. Government Employees answered the original and supplemental petitions essentially in the form of a general denial, and then asserted a third party demand against Pe-digo, pleading that it should be entitled to a judgment on the third party demand if it would be determined that the accident was due solely to the negligence of defendant Pedigo. Defendant Pedigo answered substantially in the form of a general denial, and also pleaded that the plaintiff’s injuries were caused solely by the negligence of the driver of the Singleton vehicle; and further, that plaintiff was contributorily negligent by being a passenger in an automobile being driven by someone she knew or should have known was incapable of safely operating the vehicle at the time.
Subsequently, Government Employees settled with plaintiff under the Uninsured Motorist provisions of Singleton’s policy for the amount of $1,550.00, and obtained releases from plaintiff in favor of Government Employees, Smith and Singleton. The case then went to trial on the third party demand of Government Employees against Pedigo. The lower court, without assigning written reasons, rendered judgment in favor of third party defendant, Pedigo, and against third party plaintiff, Government Employees, dismissing the third party demand at the cost of third party plaintiff. From this judgment, third party plaintiff, Government Employees, has appealed devolutively to this court.
The record reveals that Pedigo was driving his automobile in a Westerly direction on Seventh Street in Abbeville, Louisiana. Smith was driving the Singleton automobile South on Louisiana Avenue. Both streets were gravel, and there were no traffic signs or signals at the intersection, which was located in a residential district. It was shown that the Pedigo vehicle left approximately 41 feet of skid marks, and came to a stop when the front end of the vehicle was approximately 3 feet East of the center line of South Louisiana avenue. No skid marks were left by the Singleton vehicle. The contact between the Pedigo vehicle and the Singleton vehicle was comparatively minor, and photographs introduced into evidence showed only a slight dent on the front of the hood of the Pedi-go vehicle, were it made contact with the left rear fender of the Singleton vehicle. After this comparatively minor impact, the Pedigo vehicle remained where it was struck, but the Singleton vehicle continued on for a distance of 167 feet, and during its travels went off the left side of the road, up an embankment onto a private lot, struck and uprooted a large brush tree, came back across the road and entered another private lot on the right side of the road, and ended its journey by crashing into a tree approximately 10 feet off of the road. Photographs make it clear that considerable damage was done to the front part of the Ford when it finally ended up against the tree.
Pedigo testified that he was approximately 40 feet from the intersection when he saw the Singleton vehicle approaching from his right. He applied the brakes, and the front end of his car stopped approximately 3 feet short (or to the East) of the center line of Louisiana Avenue, and was stopped in that position when hit by the Singleton automobile, which was traveling *583 partly to the left of the center line of Louisiana Avenue.
Joseph Trahan, a disinterested witness who was standing approximately 20 feet from the intersection, saw both vehicles approaching the intersection before the collision. He estimated the speed of the Pe-digo vehicle at 20 miles per hour, and stated that the driver of the Pedigo vehicle applied his brakes and said vehicle came to a stop approximately 3 feet East of the center line of Louisiana Avenue. He estimated the speed of the Singleton vehicle at approximately 30 to 35 miles per hour. He stated that the Singleton vehicle was partly to the left of the center line of Louisiana Avenue, about 3 feet, and that the driver of the Singleton vehicle did not apply the brakes before he struck the Pedigo vehicle. He verified the fact that the impact between the two vehicles was comparatively minor, and that the Singleton vehicle came to a stop approximately 160 feet from the point of impact.
Appellant strongly urges that since the Singleton vehicle was approaching the intersection on the right of Pedigo, the following provisions of LSA-R.S. 32:121(B) are applicable:
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.”
We feel this statute inapplicable here, because the evidence shows that the Pedigo vehicle entered the intersection considerably before the Singleton vehicle.
Further:
“This preference created by statutes or by signals or stop signs on a favored street does not relieve the driver traveling on the favored street from the duty of exercising ordinary care of having his car under control and operating it at a reasonable and proper rate of speed while approaching an intersection and while crossing it. The degree of care imposed upon the driver on the superior thoroughfare increases when he approaches an intersection of unusual and irregular design, and which he knows to be dangerous. When the superior motorist should reasonably realize in time that the inferior traffic will continue its approach and will obstruct the superior motorist’s passage across the intersection, he is guilty of negligence should he fail to take every precaution to avoid a collision.” Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535 (1960) and cases cited therein.
As stated above, the evidence clearly shows that when Pedigo saw the Singleton vehicle approaching from his right, he immediately hit his brakes and left 41 feet of skid marks, stopping 3 feet to the East of the center line of Louisiana Avenue. The trial court could certainly be justified in determining that the sole and proximate cause of the accident was the negligence of the driver of the Singleton vehicle.
While it is well established that this court is free to disagree with the findings of the trial court, the trial court’s judgment will not be reversed unless there was manifest error in its decision. A review of the facts here discloses that there was no manifest error on the part of the trial judge, and that he was justified in reaching the conclusion that he did in this matter.
For these reasons, the judgment of the trial court is affirmed. All costs of court shall be borne by appellant.
Affirmed.